UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DERRICK DEWAYNE BUTLER,<br>a/k/a "Kutt,"<br>a/k/a "Kutt throat,"<br><br>TRAVON MAXWELL,<br>a/k/a "Goonie,"<br><br>EMMANUEL WINNFIELD,<br>a/k/a "Pimp,"<br><br>HERMAN MITCHELL,<br>a/k/a "Boobie,"<br><br>TYRONE RAYMOND BOLTON,<br>a/k/a "Honeybee,"<br><br>JOE DEVON CHAMPION,<br>a/k/a "Champ,"<br><br>JONTA ALLEN GLOVER,<br><br>DEWAYNE DONNELL CHAMPION,<br>a/k/a "Wayne,"<br><br>CEDRIC LYNN ANDREWS,<br>a/k/a "Ced,"<br><br>JERMAR BALLARD JONES,<br>a/k/a "Mar,"<br><br>CHRISTIAN XAVIER RUCKER,<br>a/k/a "Gucci,"<br><br>SAMUEL LAMONTE DRAPER, and<br><br>JEREMY JAMES JENKINS,<br><br>       Defendants. | Cause No.: 4:23-cr-00358 |

**MOTION FOR PROTECTIVE ORDER**

Plaintiff, the United States of America, hereby file this Motion for a Protective Order Governing Discovery. A Protective Order has previously been signed in this case and agreed to by Defendants, BUTLER, MAXWELL, WINNFIELD, MITCHELL, JENKINS and DRAPER (ECF no. 73). A Superseding Indictment was filed in this case which included Defendants, BOLTON, J. CHAMPION, GLOVER, D. CHAMPION, ANDREWS, JONES and RUCKER, and the Government files this motion to have these defendants also be subject to the Protective Order.

The United States consulted with counsel for the above-referenced defendants who have been arraigned on the Superseding Indictment. Counsel for all defendants except, MITCHELL, and Joe CHAMPION, have indicated they are unopposed to the Protective Order. Counsel for defendants MITCHELL, and Joe CHAMPION, have been contacted via electronic mail and telephone and have not indicated whether they are opposed or unopposed to the Government's motion.

The Court can regulate the parties' discovery through Federal Rule of Criminal Procedure 16(d). *See* Fed. R. Crim. P. 16(d)(1). Specifically, Rule 16(d)(1) permits the court, upon a showing of good cause, to deny, restrict, or defer pretrial discovery or inspection by entering a protective order. "It is appropriate, however, to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants." *United States v. Barbeito*, 2009 U.S. Dist. LEXIS 102688 (S.D. W. Va. Oct. 30, 2009); *see also United States v. Moore*, 322 Fed. Appx. 78, 83 (2d Cir. 2009) (unpublished).

2

Pursuant to Fed. R. Crim. P. 16(d)(1) and 18 U.S.C. § 3500, the United States moves for a protective order governing discovery, and in support thereof states as follows:

1. On August 16, 2023, Defendants, BUTLER, MAXWELL, WINNFIELD, MITCHELL, JENKINS and DRAPER were charged by indictment with conspiracy to commit robbery (18 U.S.C. § 1951), possession of firearms in furtherance of drug trafficking (18 U.S.C. § 924(c)), conspiracy to distribute drugs (cocaine) (21 U.S.C. § 846), and attempt to distribute drugs (cocaine) (21 U.S.C. § 846).

2. On December 19, 2023, the Court entered a Protective Order in this case and Defendants. (ECF No. 73)

3. On February 27, 2025, a Grand Jury charged Defendants, BUTLER, MAXWELL, WINNFIELD, MITCHELL, JENKINS and DRAPER in a Superseding Indictment and Defendants BOLTON, J. CHAMPION, GLOVER, D. CHAMPION, ANDREWS, JONES and RUCKER were added.

    a. All Defendants in the Superseding Indictment were charged, with conspiracy to commit robbery (18 U.S.C. § 1951), possession of firearms in furtherance of drug trafficking (18 U.S.C. § 924(c)), conspiracy to distribute drugs (cocaine) (21 U.S.C. § 846), and attempt to distribute drugs (cocaine) (21 U.S.C. § 846).

    b. Defendants, BUTLER, JONES and RUCKER were also charged with murder in aid of racketeering (18 U.S.C. § 1959), use of a firearm in

  furtherance of drug trafficking (18 U.S.C. § 924(c)), possession of firearms in relation to a crime of violent (18 U.S.C. § 924(c)) and causing death through the use of a firearm (18 U.S.C. § 924(j)).

 c. Defendant JONES was also charged with obstruction of justice (18 U.S.C. § 1503).

4. The Defendants have been arraigned and entered not guilty pleas.

5. The United States alleges that the Defendants are members of and/or associates of the Early Boys/Scoot-up criminal street gang who were involved in the attempted armed robbery of a rival drug trafficking organizations during daylight hours in Houston, Texas.

6. The United States alleges that the Early Boys/Scoot Up members intimidate and discourage witnesses from cooperating with law enforcement and have been known to retaliate by using physical force, such as beatings and shooting at witnesses they believe are assisting or are cooperating with law enforcement.

7. In this case, discovery materials include witness statements, witness statement transcripts, video/audio recordings of witness interviews ("Witness Materials"). Many of the Witness Materials come from electronic devices worn by confidential human sources (CHS) and consensually recorded telecommunications and/or video involving a CHS. Contained within the discovery is information that could be used to identify a CHS and/or witness. In addition, many of the law enforcement reports and affidavits used to obtain

legal process in this case contain information that could be used to identify a CHS or witness.

8. A CHS or witness could be placed at significant risk of retaliation if their identities were revealed without appropriate protections. Law enforcement officers have spoken to the CHSs and witnesses who have expressed concern for their safety, and the safety of their family should the defendants, or other members or associates of the gang, become aware of their cooperation with law enforcement at this early stage in the case.

9. The United States is not required to produce witness statements until after a witness has testified on direct examination. 18 U.S.C. § 3500 (Jencks Act); Fed. R. Crim. P. 26.2; *United States v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5th Cir. 1979), *United States v. Murphy*, 569 F.2d 771, 774 n.10 (3d Cir. 1978). Moreover, there is no requirement in case law, statute, or rule that the Government identify every possible government witness. In addition, the Jencks Act was specifically designed to protect witness' identities. *See* 18 U.S.C. § 1600 (requiring disclosure of Jencks material after the witness testifies). In sum, the United States has no obligation to make early disclosure of Jencks material or provide a list of trial witnesses in advance of trial.

10. To balance the United States' right to comply with the strict terms of the Jencks Act, the Court's right to efficiently manage the trial proceedings, and the need for the defendants to adequately prepare for trial, the United States proposes a compromise regarding the witnesses whose safety is of paramount concern. The

United States proposes the Court issue a protective order to address both the safety concerns of the United States' witnesses while balancing the need for the defense to have adequate time to prepare for trial.

11. Pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. § 3500, the United States submits that the safety of CHSs and potential witnesses can be ensured without impairing the right of the defendants to a fair trial by the Court entering a Protective Order requiring the following:

    a. Any materials that contain recordings (audio or video), transcripts/translations of those recordings, and/or summaries of witness statements will be described herein as "Witness Materials."

    b. Defense counsel shall keep all Witness Materials in their constant care, custody, and control, and shall not disclose any Witness Materials or their contents directly or indirectly to any person or entity other than persons formally employed to assist in the defense (including full or part-time assistants, paralegals, investigators, and attorneys formally employed with the law firm), who shall be provided with a copy of the Protective Order and bound by it to the same extent as defense counsel.

    c. Defense counsel may discuss the general contents of Witness Materials with their respective clients but *shall not* (1) provide the names or any identifying information of the CHSs to the Defendants, (2) provide copies of the Witness Materials to the Defendants, or (3) provide written summaries of the Witness Materials to the Defendants.

    d. Defense counsel shall use the Witness Materials solely for the defense of the above-captioned case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

**WHEREFORE**, in the interest of justice and to ensure the safety of the witnesses, the United States respectfully requests this Court to grant this motion and enter the proposed Protective Order.

Respectfully submitted this 12th day of May, 2025.

                Respectfully submitted,
                NICHOLAS J. GANJEI
                United States Attorney
                Southern District of Texas

By: _/s/ Ralph A. Paradiso_
                Byron Black
                Assistant United States Attorney
                Ralph Paradiso
                Trial Attorney
                Department of Justice
                Violent Crime and Racketeering Section

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

By: *Ralph A. Paradiso*
Ralph Paradiso
Trial Attorney
Department of Justice
Violent Crime and Racketeering Section